Ruffin, C. J.
 

 The points made by the exceptions are very plain and were correctly decided. A jury cannot allow commissions, without a previous order of the Court, before which the administrator was to account.
 
 Hodge
 
 v.
 
 Armstrong,
 
 3 Dev. 253. If the exception were well founded, the consequence would be, that a creditor could always defeat the party of his commission by bringing his suit soon after administration granted, and before the estate was in a condition to admit of a return of an account and a motion for commissions. In such cases, the allowance is necessarily made, pending the action.
 

 The Act of 1829 changed the rule of the common law on the second point, as it gives to the claim of the surety, paying a debt of the principal, the same priority against the assets, which belonged to the creditor.
 

 If the case, then, depended on those points alone, the judgment would be affirmed. But it cannot be done, as the Court is of opinion it was erroneous to take cognizance of the report and exceptions. The parties seem to have proceeded on the notion, that the Act of 1826, Rev. St. ch. 31, sec. 119, embraced cases like this. But that is a mistake, as that act has only suits brought on the bonds of executors, administrators and guardians in its purview.
 
 *226
 
 and it leaves the trial of the issue upony?ie?2e administra-
 
 vit
 
 to the jury and upon the evidence required at the common law. It is not uncommon, it is said,for parties to make references of this kind. If so, it is a matter of consent, for convenience sake, so as to reduce the points to be disputed, to as few as possible, and thus save the; delay and expense incident to proving the whole administration account on the trial.
 

 As to the matters disputed, however, the Court cannot act judicially on exceptions to the report, as in equity, or in the cases within the act of 1826, but only by giving instructions on them, as in other cases, when asked upon the trial before the jury. Therefore, although the opinions given in the Superior Court were, in themselves, right, it was wrong to give them at all; and for that reason, it must be certified to that Court, that the decision ought to be reversed. But as the error, for which the reversal is directed, was caused by the plaintiff, who is the appellant to this Court, he cannot have his costs, but must pay those of the defendant, as was done in the similar case of
 
 Hicks
 
 v.
 
 Gilliam,
 
 4 Dev. 217.
 

 Per Curiam. Ordered accordingly.